IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIQUEL DWAYNE JOHNSON, JR., :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 21-CV-1545
     :
JOSEPH CAMPBELL, *et al.* :
    Defendants. :

## MEMORANDUM

**KENNEY, J.**                                                                         **JUNE 3, 2021**

Plaintiff Miquel Dwayne Johnson, Jr., a prisoner currently incarcerated at SCI-Somerset, filed this action alleging a violation of his civil rights. Johnson has also sought leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Johnson's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS[1]**

On March 31, 2021, Johnson commenced this civil action by filing a letter Complaint with this Court. (*See* ECF No. 1.) Because the initial Complaint failed to meet the requirements of the Federal Rules of Civil Procedure and applicable federal civil rights statutes, the Court granted Johnson leave to amend. (*See* ECF No. 4.) Johnson subsequently filed an Amended Complaint, naming Joseph Campbell and Kathleen M. Frost as Defendants. (ECF No. 6.)

A review of the public docket reveals that Johnson was arrested on July 3, 2018, by the Lower Pottsgrove Police Department. *See Commonwealth v. Johnson*, CP-48-CR-0004931-2018

---

[1] The following allegations are taken from Johnson's Amended Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

(C.P. Montgomery). Joseph Campbell is listed on the docket as the arresting police officer. *Id.* Johnson pled guilty to a charge of robbery with the threat of immediate serious injury in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii). *Id.* at 2. On March 18, 2019, he was sentenced to a minimum of eight years to a maximum of sixteen years imprisonment. *Id.*

The allegations in Johnson's Amended Complaint are quite brief. (*See* ECF No. 6 at 3.)[2] He contends that on July 3, 2018, "somebody violated my rights by trespassing into my home." (*Id.*) Johnson claims that "they unlawfully compensated themselves to evidence that they couldn't prove me guilty of by performing a meaningless search without authority from the issuing authority they found me guilty without a conviction not an arrest." (*Id.*) He further asserts that "Joseph Campbell unlawfully compensated himself by trespassing into my home without a warrant for evidence he couldn't prove me guilty of." (*Id.*) Johnson alleges that his mother and stepfather witnessed the incident. (*Id.*) He seeks monetary damages. (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court grants Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to

---

[2] The Court adopts that pagination supplied by the CM/ECF docketing system.

[3] However, as Johnson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Liberally construing Johnson's Amended Complaint as this Court must do, it appears that Johnson is attempting to bring claims based on an allegedly illegal search and seizure stemming from an incident on July 3, 2018. (*See* ECF No. 6 at 3.) It is apparent from the face of the Amended Complaint, however, that Johnson's claims are time-barred.

Federal civil rights claims under § 1983 are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1216 (11th Cir. 2001); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989); *Carpenter v. Young*, Civ. A. No. 04-927, 2005 WL 1364787, at *5 (E.D. Pa. June 1, 2005). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524.

A claim accrues under the relevant federal civil rights laws and Pennsylvania laws "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which his action is based." *Wisniewski*, 857 F.3d at 158 (alteration omitted). The limitations period governing claims related to an allegedly illegal search and seizure generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam).

Johnson alleges that the alleged illegal search and seizure occurred on July 3, 2018. Johnson would have been aware of his injuries from the alleged illegal search and seizure at that time. *See Jackson v. City of Erie Police Dep't*, 570 Fed. App'x 112, 114 (3d Cir. 2014) (per curiam) ("[T]he statute of limitations for claims of wrongful searches and seizures would have begun to run at the time of the searches and seizures . . . ."). Thus, his claims accrued more than

two years before the filing of his Complaint on March 31, 2021.[4]  Accordingly, any claims based on the alleged illegal search and seizure will be dismissed as time-barred.[5]  Johnson will not be permitted to file a second amended complaint because amendment would be futile.  *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (affirming dismissal of complaint without leave to amend because amendment would have been futile as claims were time-barred); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).[6]

To the extent Johnson's Amended Complaint presents state law claims for trespass or conversion, those claims would also be barred by the two-year statutes of limitations.  *See* 42 Pa.

---

[4] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  However, the original letter Complaint was not signed or dated by Johnson making it not possible to know the time he handed it to prison officials.  (*See* ECF No. 1.)  Thus, for purposes of calculating the timeliness of his claims, the Court will use March 31, 2021, the date the original Complaint was docketed in this case.

[5] There is no basis for tolling here because the Amended Complaint makes clear that Johnson knew or should have known of the events giving rise to his claims and his related injuries at the time the claims accrued and there is no suggestion that Johnson was actively mislead by a defendant about his claim, an extraordinary circumstance prevented him from filing it timely, or the claim was timely presented in an incorrect forum.  *See Lloyd v. Ocean Township Council*, No. 20-3320, 2021 WL 1608553, at *2 (3d Cir. Apr. 26, 2021) (per curiam) (explaining that equitable tolling for federal civil rights claims "is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum") (citing *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000)).

[6] The Court further notes that Johnson fails to present any allegations in the Amended Complaint describing how Defendant Frost was personally responsible for any alleged constitutional violation.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims).  Indeed, while Johnson has listed Kathleen M. Frost as a Defendant in the Amended Complaint, (*see* ECF No. 6 at 2), he simply does not mention her again.  Consequently, even if his federal claims were not barred by the statute of limitations, Johnson has not presented a plausible constitutional violation against Defendant Frost.

5

Cons. Stat. Ann. § 5524(3), (7); *see also Palmer v. City of Harrisburg, Pennsylvania*, 276 F. App'x 105, 109 (3d Cir. 2008) (per curiam) (affirming dismissal of the common law causes of action for trespass, conversion, and intentional infliction of emotional distress as barred by two-year statutes of limitations) (citing 42 Pa. Cons. Stat. Ann. § 5524(2), (3), (7)).

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Amended Complaint with prejudice in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that amendment of Johnson's claims would be futile because the time-bar defect cannot be cured. An Order follows, dismissing this case.

        **BY THE COURT:**

        /s/ Chad F. Kenney
        _____
        **CHAD F. KENNEY, J.**